*308 OPINION.
Love:
In this case the burden of the petitioner is to establish its right to deduct from' its monthly temporary balance sheet made December 31, 1921, certain items as it claims, so as to adjust it to the actual situation as it existed on that date. The items sought to be deducted are:
1. Merchandise inventory adjustments to make the cost of items correspond with cost prices as of December 31, 1921, regardless of original cost.
2. Bad debts charged off.
3. Depreciation.
While petitioner denominated its method of taking that inventory as the cost method, it was in fact taking it at market, that is, the list prices (less discount) as of that date. The evidence was that cars as well as parts were on the decline in prices and the result was that market being less than cost, the method was practically uniform, if not perfectly uniform, cost or market whichever is lower.
On the bad debt claim petitioner put in evidence a complete list of the bad debts charged off with the sevéral amounts, and submitted satisfactory evidence of the ascertainment of worthlessness and charge-off in the taxable year. Only one such debt need be mentioned. There was due it by the County of McClennan $35.54, and the county was solvent and liable for its debts. However, the county authorities had established a rule that every item ordered for use of the county must be by a written order signed by the head of the dep>artment for which it was needed. Petitioner failed to obtain such written order through oversight or otherwise, and the county refused to pay. Petitioner upon such refusal was unable to testify who, or what department, purchased the merchandise and was not able to swear definitely what the items were. The county was a good customer and petitioner, rather than carry the matter to court, abandoned the claim. Under such circumstances, a suit would probably have proven futile, at least it would have been bad business policy. We believe that debt should be included with the others charged off.
With reference to depreciation claimed, it was conceded that if, under the circumstances, it was allowable, the amount was reasonable.
Judgment will be entered oiv 15 days’ notice, vmder Bule 50.